UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HARRY PERSAUD**

        **Plaintiff,**

v.                                                  **Case No: 6:25-cv-0244-WWB-DCI**

**BANK OF NEW YORK MELLON**

        **Defendant.**

## ORDER

This cause comes before the Court following the April 22, 2025 case management conference and Defendant Bank of New York Mellon's Motion to Dismiss Plaintiff's Complaint. Doc. 15 (the Motion). Harry Persaud (Plaintiff) brings this case against Bank of New York Mellon (Defendant) for "misconduct related to their origination and servicing of Plaintiffs' single family residential mortgage." Doc. 1 at 2. The Complaint purports to bring five counts[1] against Defendant for: 1) "Fraud in the Factum per UCC § 3-305(a)(1)(iii)"; 2) "Unconscionable Contract per UCC § 2-302"; 3) "Improper Assignment of Note per UCC § 7-501"; 4) "Chain of Title Securitization"; and 5) "Mortgage Electronic System Procedures." Doc. 1 at 5-17. In response, Defendant filed the Motion arguing that the Complaint should be dismissed because it: is a shotgun pleading; is barred by the *Rooker-Feldman* doctrine; is barred by res judicata; and fails to state a cognizable claim. *See generally* Doc. 15.

---

[1] As will be explained, it is unclear whether Plaintiff asserts three or five counts in the Complaint.

Without addressing the substance of Plaintiff's claims, the Court will strike the Complaint (Doc. 1) for failure to comply with Local and Federal Rules and, as such, deny the Motion (Doc. 15) as moot.

I.  **DISCUSSION**

Although the Court must liberally construe *pro se* pleadings, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), a *pro se* party must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010).[2] The Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

The Court has identified multiple shortcomings that warrant striking the Complaint at this juncture, thereby providing Plaintiff with the opportunity to file an amended complaint that complies with the Local and Federal Rules and establishes the Court's jurisdiction. Failure to address these shortcomings may result in dismissal of the case. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.") (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001)).

A.  **No Signature on Complaint**

First, the Complaint is unsigned in violation of Federal Rule 11(a), which provides:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need

---

[2] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

> not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). Plaintiff has submitted the Complaint without a signature and without the date. Doc. 1 at 21. Relatedly, the Certificate of Service is unsigned and undated. *Id.* at 22. Accordingly, the Court will strike the Complaint and provide Plaintiff an opportunity to amend.

### B.    No Numbered Paragraphs

Second, the Complaint does not number paragraphs in violation of Federal Rule 10(b), which provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The Complaint includes line numbers, rather than paragraph numbers. *See generally* Doc. 1. In this District, numbered lines are not necessary, but Plaintiff must number each paragraph.

### C.    Shotgun Pleading

Third, the Complaint is an impermissible shotgun pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are

"replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

Here, the Complaint appears to be a hybrid of the first and third categories. With respect to the first category, the Complaint "re-allege[s] and incorporate[s] by reference all preceding paragraphs" in the second count. Doc. 1 at 13. With respect to the third category, the Complaint contains two counts which are unnumbered and do not identify the legal basis for the claim. Doc. 1 at 17-18. The first three counts are identified using a roman numeral and the phrase "[First/Second/Third] Cause of Action." Doc. 1 at 5, 13, 16. Each count is further distinguished from the body of the Complaint using bold, underlined, and all caps typeface. *Id.* On pages 17 and 18 of the Complaint, Plaintiff uses the same typeface for two sections titled "Chain of Title 'Securitization'" and "MERS : Mortgage Electronic System." Doc. 1 at 17-18. While these sections are not identified as separate counts, Defendant's Motion refers to these sections as "Counts IV and V," reflecting the lack of clarity and confusion caused by the Complaint's formatting. Doc. 15 at 11. It is not clear to the Court whether these two sections constitute additional counts—as Defendant has assumed—or whether Plaintiff considers these sections as related to the third count. Whatever Plaintiff intended, the counts as alleged are unclear to Defendant and unclear to the Court. Indeed, clarity goes to the heart of pleading standards, as "notice is the touchstone of the Eleventh Circuit's shotgun pleading framework." *Cont'l 332 Fund,*

4

*LLC v. Albertelli*, 317 F. Supp.3d 1124, 1139 (M.D. Fla. 2018); *See Weiland*, 792 F.3d at 1322-23 n.13 (listing Eleventh Circuit cases addressing pleadings that do not separate each cause of action or claim for relief into a different count). Plaintiff must ensure the amended complaint clearly sets forth each count and avoids any of the shotgun pleading features described above.

### D.  Jurisdiction[3]

Lastly, it appears that Plaintiff has not established that this case meets the diversity requirement of 28 U.S.C. § 1332. The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking. *Hernandez v. United States AG*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam). Federal courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or treaties of the United States (i.e., federal question jurisdiction); or 2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (i.e., diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

When a party invokes the court's diversity jurisdiction, the party wishing to assert diversity jurisdiction bears the burden of establishing that diversity of citizenship exists. *Jones v. Law Firm of Hill & Ponton*, F. Supp. 2d 1349, 1354 (M.D. Fla. 2001). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). An individual is a citizen of the state in which he is domiciled, which is the state where the individual maintains his "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). A corporation, on the other

---

[3] The Complaint addresses jurisdiction and venue in one section, and states that "Defendants all have sufficient contacts with California as they service and foreclose on numerous loans in the state." *See* Doc. 1 at 3. This sentence appears to be inadvertently included, as the Court cannot decipher why contacts with California would be relevant in this case. Accordingly, the Court suggests that Plaintiff correct such errors in the amended complaint.

hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). Courts do not have jurisdiction over "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" 28 U.S.C. § 1332(a)(2)

Plaintiff's allegations regarding the parties' citizenship are insufficient to invoke the Court's jurisdiction. The Complaint alleges that Defendant "is . . . headquartered at 240 Greenwich St, New York, NY 10286." Doc. 1 at 3. Plaintiff must allege Defendant's state of incorporation and principal place of business. *See Bright House Networks, LLC v. Pinellas County*, 2014 WL 4794786, at *4 (M.D. Fla. 2014) ("To sufficiently allege the citizenship of a corporation, the state of incorporation *as well as* the location of the principal place of business must be stated.'"). As to Plaintiff's citizenship, the Complaint alleges that Plaintiff "resid[es] in the State of Florida[.]" Doc. 1 at 3. But Plaintiff must allege his citizenship, not his residence. *Travaglio*, 735 F.3d at 1369 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Thus, on its face, the Complaint does not establish diversity jurisdiction to satisfy 28 U.S.C. § 1332. If Plaintiff does not correct this in the amended complaint, the case is subject to dismissal. *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming dismissal for lack of subject matter jurisdiction where the plaintiff did not plead facts sufficient to establish diversity of citizenship); *Burns v. Essex Partners, Inc.*, 2019 WL 1093440, at *2 (M.D. Fla. Jan. 16, 2019) (dismissing complaint without prejudice for lack of subject matter jurisdiction where plaintiff failed to sufficiently allege the citizenship for each party).

Accordingly, it is **ORDERED** that:

1. the Complaint (Doc. 1) is **STRICKEN** because it is unsigned;

2. the Motion (Doc. 15) is **DENIED as moot**; and

3. **on or before May 13, 2025**, Plaintiff must file an amended complaint.

**ORDERED** in Orlando, Florida on April 22, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record
Unrepresented parties